UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM LOVITZ,** | : | **CASE NO. 1:08-CV-629** |
| Plaintiff, | : | **JUDGE O'MALLEY** |
| v. | : | **MEMORANDUM & ORDER** |
| **DAIMLER NORTH AMERICA CORPORATION,** *et al.*, | : | |
| Defendants. | : | |

This case arises on Defendant Chrysler Holding LLC's Motion to Dismiss the Complaint Pursuant to Rule 12(b)(1) (Doc. 42). This motion has been fully briefed and is ripe for adjudication.[1] For the reasons that follow, Chrysler Holding LLC's motion is **GRANTED** and, accordingly, this cases is **DISMISSED**.

## I.   BACKGROUND

Chrysler Holding LLC's motion to dismiss pursuant to Rule 12(b)(1) asserts that this Court does not have subject matter jurisdiction over this case because the Plaintiff cannot satisfy the requirements of diversity jurisdiction, 28 U.S.C. § 1332. Chrysler Holding LLC argues that complete diversity of citizenship is lacking because both the Plaintiff and one of the members in Chrysler Holding LLC's ownership chain are citizen of Ohio for purposes of diversity jurisdiction.

The Court ordered jurisdictional discovery in this case to determine whether the members of any LLC or partnership with an ownership interest in the defendant LLCs is a citizen of Ohio for

---

[1]   Although the Court had scheduled oral argument on this motion, upon review of the parties' briefs, the Court finds that oral argument will not be necessary.

diversity purposes. (Doc. 29.) The facts relevant to the jurisdictional analysis are undisputed:

- Diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) is the sole basis of subject-matter jurisdiction alleged in the Complaint (Doc. 1);

- Plaintiff is an Ohio citizen;

- The Defendants are Chrysler LLC, Chrysler Motors LLC, and Chrysler Holding LLC;

- All three Defendants are Delaware limited liability companies ("LLC");

- Chrysler LLC and Chrysler Motors LLC have their principal place of business in Michigan while Chrysler Holdings LLC's principal place of business is in New York;

- Chrysler Holdings LLC indirectly owns both Chrysler LLC and Chrysler Motors LLC;

- Under Delaware law, LLC's are owned by their members, who may be individuals, corporations, or other legal entities such as other LLC's or partnerships;

- With this in mind, Chrysler Holding LLC has numerous LLC's and partnerships in its ownership chain such that, seven layers removed from Chrysler Holding LLC itself, the Jack N. and Lilyan Mandel Foundation (the "Mandel Foundation"), an Ohio corporation, has a 0.0037% ownership interest in Chrysler Holding LLC (*see* Doc. 42-2 at 3-4, Exs. B, C);

- The Mandel Foundation cannot and does not exercise any control over Chrysler Holding LLC, it has no right to inspect Chrysler Holding LLC's books and records, and it is not a party to this litigation or a real-party-in-interest.

## II. DISCUSSION

### A. RULE 12(b)(1) MOTION TO DISMISS

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may assert a challenge to the sufficiency of the pleading itself or the factual existence of subject-matter jurisdiction. *See Absolute Mach. Tools, Inc. v. Clancy Mach. Tools, Inc.*, 410 F. Supp. 2d 665, 668 (N.D. Ohio 2005) (O'Malley, J.) (citing Fed. R. Civ. P. 12(b)(1)). Where, as here, the Rule 12(b)(1) motion presents a factual attack, a district court has broad discretion to consider information outside the pleadings, including by way of affidavits or an evidentiary hearing. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### B. SUBJECT-MATTER JURISDICTION BASED ON DIVERSITY

As the United States Supreme Court has noted, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Id.*; *see also Valinski v. Edison*, 197 Fed. Appx. 403, 406 (6th Cir. 2006) ("[P]arties cannot consent to subject matter jurisdiction, nor can they waive it.").[2] The party asserting jurisdiction bears the burden of establishing the Court's authority to hear this case. *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 612 (6th Cir. Ohio 2008).

Subject-matter jurisdiction based on diversity of citizenship is codified at 28 U.S.C. § 1332. Section 1332(a)(1) provides:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between– (1) citizens of different states . . ."

28 U.S.C. § 1332(a)(1). Complete diversity is required, *see Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990), and exists when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Further, 28 U.S.C. § 1332(c)(1), in pertinent part, defines the citizenship of a <u>corporation</u> as follows: "For purposes of this section . . . (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Section 1332 does <u>not</u> address the citizenship of LLCs or other business entities that are not corporations.

### C. ISSUE

The dispositive issue in this case with respect to this Court's subject-matter jurisdiction is

---

[2] Further, this Court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

whether, for diversity of citizenship purposes, an LLC is a citizen of any State in which one of its members, or a member of its members all the way down the chain of ownership, is a citizen.

### D. ANALYSIS

While this case raises fascinating policy questions for Congress, this Court's legal analysis is straight-forward. In *Carden*, the Supreme Court considered "whether, in a suit brought by a limited partnership, the citizenship of the limited partners must be taken into account to determine diversity of citizenship among the parties." 494 U.S. at 186. The Supreme Court explained that § 1332(c) expressly applies to <u>corporations</u>, not other "artificial" [*i.e.*, business] entities such as partnerships. *Id*. at 195. Accordingly, the Supreme Court held as follows:

> In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship "of all the members," . . . "the several persons composing such association," . . . "each of its members" . . . .

494 U.S. at 195-96 (omitting citations and quotations). The holding in *Carden* indicates that the "all members" rule applies not just to partnerships, but to all business entities except corporations, and, therefore, that complete diversity of citizenship only exists if none of the members of an LLC are citizens of the same state as one of the opposing parties. After *Carden*, moreover, the Circuit Courts that have confronted this issue in the context of an LLC have interpreted *Carden* in the same way – *i.e.*, to require the district court to follow the "all members" rule. *See*, *e.g.*, *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. L.P.*, 213 F.3d 48, 51 (2d Cir. 2000); *Gen Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004); *Mullins v. TestAmerica Inc.*, 564 F.3d 386 (5th Cir. 2009); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732-33 (6th Cir. 2002) (unpublished); *Cosgrove v. Barolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *OnePoint*

*Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In addition, because citizenship of an LLC depends on the citizenship of its members, the LLC's citizenship can only be defined by drilling down into each layer of ownership to find members who are corporations or individuals. *See*, *e.g.*, *Lawson v. Chrysler LLC*, No. 4:08-CV-19-DPJ-JCS, 2009 U.S. Dist. LEXIS 35324 (S.D. Miss. Apr. 7, 2009) (noting in a factually analogous case that the Defendant in this case, Chrysler Holding LLC, has members who are themselves LLCs, thus requiring further inquiry to determine citizenship for diversity purposes). As one district court explained last month, "a limited liability company is a citizen of EVERY state of which any member is a citizen, and 'this may need to be traced through multiple levels if any of the members is itself a partnership or LLC.'" *Hartline v. Edwards Assocs., LLC*, 09-CV-518-MJR, 2009 U.S. Dist. LEXIS 60421, at *2 (S.D. Ill. Jul. 13, 2009) (quoting *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004)).[3]

As noted above, the Plaintiff bears the burden of establishing subject-matter jurisdiction in the face of a Rule 12(b)(1) motion, and, in light of this authority, that burden is heavy. After full consideration of the parties' arguments, the Court finds that the Plaintiff has not satisfied his burden. The "all members" rule applies and the "regressive jurisdictional approach" necessarily follows from it. The Mandel Foundation's Ohio citizenship is therefore dispositive.

The Plaintiff's arguments to the contrary fail. First, the Plaintiff has not cited binding

---

[3] The parties refer to this multi-tiered analysis of successive layers of ownership as the "regressive inquiry," (Doc. 42-2 at 12) or the "regressive jurisdictional analysis" (Doc. 44 at 10).

authority in support of his contention that it is absurd to premise citizenship of an LLC on the *de minimus* ownership interests of a member seven layers below the LLC that is a party to the lawsuit. Although this argument has some appeal as a matter of policy, it is logically flawed and is not supportable under existing law. The Plaintiff does not contend, nor could he contend, that an LLC should be treated as a corporation or an individual for diversity purposes. Therefore, the citizenship of its members is determinative with respect to diversity jurisdiction. Given this first principle, there is no logical basis for treating an LLC at the second ownership level, or below, as a corporation for diversity purposes. Therefore, the "regressive analysis" must proceed through as many levels of ownership as necessary to reach an individual or corporation.[4] The argument, moreover, that the regressive analysis produces absurd results – as demonstrated by the 0.0037% ownership interest of the Mandel Foundation in this case – merely suggests that Congress has either made a strange policy choice in limiting 28 U.S.C. § 1332(c)(1) to corporations or failed to correct an unanticipated consequence of the language of the statute. As the Supreme Court stated in *Carden*:

> Thus, the course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives. Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word "citizen." . . . We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

494 U.S. at 197. If the result in this case is absurd, separation of powers confers the remedy to

---

[4] In fact, a number of district court have issued opinions within the past few months employing the "regressive" analysis. *See Hartline*, 2009 U.S. Dist. LEXIS 60421, at *2; *Golf Bros., LLC v. Saker*, No. 09-2133 (MLC), 2009 U.S. Dist. LEXIS 48745, at *2 (D.N.J. Jun. 9, 2009); *Garner v. Acrish*, No. 09-CV-175, 2009 U.S. Dist. LEXIS 53944, at *3 (N.D. Ind. Jun. 25, 2009); *Lawson v. Chrysler LLC*, No. 4:08-CV-19-DPJ-JCS, 2009 U.S. Dist. LEXIS 35324 (S.D. Miss. Apr. 7, 2009).

Congress. Meanwhile, the availability of federal jurisdiction based on diversity of citizenship remains a factor to consider in forming a business association, albeit not likely a driving one.

Second, the Plaintiff's argument that the Sixth Circuit has not opined on this issue in a published opinion is not controlling. In the absence of a published opinion to the contrary, it is prudent for a district court to give substantial weight to an unpublished opinion on point. And, in *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002) (unpublished), the Sixth Circuit held that an LLC must allege the citizenship of its members "because a limited liability company is not treated as a corporation and has the citizenship of its members." It is, moreover, the Plaintiff's burden to prove subject-matter jurisdiction, and he has not cited authority that would undermine the validity of the Sixth Circuit panel's opinion in *Homfeld II, LLC*.[5] Although the Plaintiff attempts to distinguish the cases Chrysler Holding LLC relies on, the Court does not find the distinctions legally persuasive, largely for the reasons discussed in the paragraph above. *Cf. CMPS Inst., LLC v. MMG II, LLC*, 521 F. Supp. 2d 616, 618 (E.D. Mich. 2007) (noting the dearth of authority for the position the Plaintiff is advancing in this case and concluding: "Although I believe that the entity test would be a more efficient and equitable means of determining an LLC's citizenship for diversity purposes, the law dictates that the citizenship of an LLC be based on the citizenship of its members.")

In conclusion, as stated by Chrysler Holding, LLC:

Chrysler Holding [LLC] can attest to the fact, better than most, that a rule that

---

[5] Similarly, the Court rejects the Plaintiff's argument that *Stayrook v. Verizon Wireless Servs., LLC*, 2007 WL 1560280 (N.D. Ohio May 29, 2007) (O'Malley, J.) is controlling. In *Stayrook*, no party was challenging the fact that Verizon Wireless Servs., LLC was not an Ohio citizen in any capacity, the Court found that diversity jurisdiction was lacking for reasons entirely unrelated to the fact that one defendant was an LLC, and the Court only addressed the issue *sub judice* in *dicta*.

-7-

> requires citizenship to be determined by looking to an investor that holds a *de minimus* indirect ownership interest is inconvenient, inefficient, and deprives it of access to the neutral forum where it would prefer to be. But it is for the political branches alone to change the rule.

(Doc. 45 at 10.) Accordingly, because the Mandel Foundation is an Ohio citizen in the chain of ownership of Chrysler Holding, LLC for purpose of diversity jurisdiction, the parties are not completely diverse and this Court does not have subject matter jurisdiction. Chrysler Holding, LLC's motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED** and this case is **DISMISSED**.

### III. CONCLUSION

For the foregoing reasons, Chrysler Holding, LLC's motion to dismiss pursuant to Rule 12(b)(1) (Doc. 42) is **GRANTED** and this case is **DISMISSED** accordingly.

**IT IS SO ORDERED.**

      /s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 17, 2009**